UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
CARLOS PEREZ,

      Petitioner,

  - against -

JOHN LEMPKE, Superintendent of Five Points Correctional Facility,

      Respondent.
------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

10 Civ. 3957 (BMC)

**COGAN**, District Judge.

Petitioner brings this *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254(d). The facts of the crime are simply stated. Petitioner, thirty-five years old at the time, engaged in sexual intercourse with a fourteen year old after giving her marijuana and alcohol. Petitioner was subsequently arrested and charged with rape in the second degree, two counts of criminal sexual act in the second degree, three counts of sexual misconduct, sexual abuse in the third degree, and endangering the welfare of a child.

On February 13, 2007, petitioner, while represented by counsel, pled guilty to attempted rape in the second degree in exchange for a sentence of one-and-a-half to three years. If convicted at trial, petitioner would have faced between fifteen years to life in prison because of his prior criminal history. During the plea allocution, petitioner responded appropriately to questioning by the court, frequently saying "yes" and "I understand" in response. At one point, petitioner answered "no" in response to the court's question of whether he understood that failure to appear at subsequent hearings would not be held against him if it was due to the prison's failure to transport him. The court then explained the point in more detail and petitioner



responded that he understood. The court accepted petitioner's plea at the end of the plea allocution.

The court did not inquire into petitioner's mental state during the plea allocution, even though during petitioner's arraignment and bail application a year earlier, defense counsel informed the court that petitioner was disabled, supported by supplemental security income, and attending a drug and psychiatric rehabilitation program.

Two days after pleading guilty, petitioner filed a *pro se* motion to withdraw his guilty plea, claiming that he was innocent and only entered the guilty plea upon counsel's insistence; however, when being interviewed for his pre-sentence report a week later, petitioner admitted his guilt. During the interview, petitioner also made several statements regarding his mental health history. He stated that he "was diagnosed as a paranoid," had "other mental problems," had "been seeing a psychiatrist since [November 2005]," and "takes prozec and Psypersa [sic] medication daily." These statements were not verified or supported by other evidence.

On February 26, 2007, the court sentenced petitioner to one-and-a-half to three years imprisonment. At the end of the sentencing hearing, counsel informed the court that petitioner wanted to withdraw his *pro se* motion contesting the validity of his guilty plea, at which time the court deemed it withdrawn.

Petitioner appealed, claiming that his plea was not voluntary and that his counsel was constitutionally deficient. The Appellate Division affirmed petitioner's conviction, holding that his claim regarding the sufficiency of his plea allocution was not preserved for appellate review and that his counsel was not constitutionally ineffective, and the Court of Appeals denied leave to appeal. People v. Perez, 65 A.D.3d 1167, 885 N.Y.S.2d 127 (2d Dep't), leave to app. den., 13 N.Y.3d 861, 891 N.Y.S.2d 696 (2009).

Petitioner now raises the same two points of error he raised before the Appellate Division: (1) the court erred when it failed to conduct an inquiry regarding petitioner's mental state after learning about unverified statements of mental health problems in the pre-sentence report; and (2) petitioner's counsel was constitutionally ineffective for failing to investigate his mental history and request a mental competency hearing. I find that neither of these points have merit and the petition is accordingly denied.

## DISCUSSION

### I. Petitioner's Claim that his Plea was Involuntary is Unreviewable Because it Rests on an Independent and Adequate State Law Ground

Petitioner's claim that the trial court should have inquired into his mental capacity to plead guilty is procedurally barred. A federal court should not address a petitioner's habeas claim if a state court has rejected the claim on "'a state law ground that is independent of the federal question raised and adequate to support the judgment.'" See Lee v. Kemna, 534 U.S. 362, 375, 122 S. Ct. 877 (2002) (quoting Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546 (1991)). When a state court dismisses a petitioner's claim because he failed to comply with a state procedural rule, the procedural bar constitutes an adequate and independent ground for the state court's decision. See, e.g., Coleman, 501 U.S. at 729-30, 749-50; Murden v. Artuz, 497 F.3d 178, 191-92 (2d Cir. 2007).

State procedural grounds are only adequate to support the judgment and foreclose federal review if they are "firmly established and regularly followed" in the state. Lee, 534 U.S. at 376. In order to make this determination in light of the facts of a particular case, courts use the following three factors:

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the

3

rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (citing Lee, 534 U.S. at 381-85). These factors are "guideposts to aid inquiry" and not a "three-prong test." Clark v. Perez, 510 F.3d 382, 391 (2d Cir. 2008).

When denying petitioner's claim for relief, the Appellate Division made plain that it relied on a state procedural rule stemming from New York's "contemporaneous objection" rule. Under the contemporaneous objection rule, an issue is only preserved for appellate review if it was timely raised before the trial court. N.Y. Crim. Proc. Law § 470.05(2). The purpose of this rule is to give the trial court the opportunity to correct any error in the first instance, and therefore preserve limited judicial resources while efficiently moving cases towards final judgment. See People v. Michael, 48 N.Y.2d 1, 6, 420 N.Y.S.2d 371 (1979). Under New York law in the context of a guilty plea, objecting contemporaneously means either moving to withdraw the plea or moving to vacate the conviction. See People v. Lopez, 71 N.Y.2d 662, 665, 529 N.Y.S.2d 465 (1988).

When considering the three factors in light of this rule, it is apparent that it is adequate to support the judgment. The first factor is irrelevant in the instant case because petitioner did not properly raise any issues with the trial court regarding the adequacy of his plea. Thus, the trial court did not have an opportunity to actually rely on the procedural rule. As to the second factor, it is well-established under New York law that a defendant must move to withdraw his plea or move to vacate the judgment of conviction in order to preserve any issues regarding the adequacy of the plea for appellate review. See People v. Johnson, 82 N.Y.2d 683, 685, 631 N.Y.S.2d 119 (1993); Lopez, 71 N.Y.2d at 665; People v. Claudio, 64 N.Y.2d 858, 858-59, 487

4

N.Y.S.2d 318 (1985). This factor weighs heavily in favor of adequacy. Finally, considering the third factor, petitioner has failed to show any compliance with New York's procedural rule. Petitioner did not move to vacate the conviction. Although petitioner did initially move to withdraw his plea, he later withdrew the motion via counsel. Moreover, petitioner does not contend that counsel withdrew the motion without his consent. And, because petitioner was able to move to withdraw his plea, it is clear that the realities of trial did not prevent him from substantially complying with the rules. Consequently, the Appellate Division's holding that petitioner's claim was unpreserved for appellate review constitutes an independent and adequate state law ground that acts as a procedural bar to petitioner's claim.

Even though petitioner's claim is procedurally barred, I must still consider whether petitioner can show grounds for reaching the merits notwithstanding that procedural bar. In order to reach the merits in such a circumstance, petitioner must demonstrate cause and actual prejudice as a result of the alleged violation, or that failure to consider the claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. Here, petitioner provides no reason to set aside the procedural bar. Petitioner does not point to any legitimate cause that would excuse his failure to comply with the procedural rule.

Even assuming petitioner is alleging that his mental problems were sufficient cause, his claim of mental disability is a bare assertion that is entirely unsupported by any evidence in the record. The only corroborating evidence to which petitioner points are statements by his counsel at his bail arraignment that he was disabled, supported by supplemental security income, and attending a drug and psychiatric rehabilitation program. This is a far cry from actual evidence that petitioner is mentally disabled as a matter of law.

Furthermore, petitioner cannot show actual prejudice. Even when a criminal defendant does suffer from some type of psychiatric problem, the court may still properly accept the defendant's guilty plea without inquiry when the defendant's conduct at the plea allocution does not indicate incompetency. See Lopez v. Walker, 239 F. Supp. 2d 368 (S.D.N.Y. 2003) (denying habeas relief even though the pre-sentence report made reference to prior suicide attempts and hospitalization and recommended an evaluation of defendant's emotional functioning). Here, petitioner's attorney did not present any evidence that petitioner could not assist in his defense or understand the proceedings. Furthermore, petitioner appeared to understand the questions he was being asked during the plea allocution and responded appropriately.

Additionally, this Court's refusal to hear petitioner's claim on the merits would not result in a fundamental miscarriage of justice as petitioner admitted his guilt while being interviewed for his pre-sentence report.

## II. **Petitioner's Trial Counsel was not Constitutionally Ineffective**

Petitioner claims that trial counsel rendered ineffective assistance by failing to investigate his psychiatric history and failing to move for a mental competency evaluation. When examining the merits of petitioner's claims, the Appellate Division held that he "was not denied the effective assistance of counsel." Perez, 65 A.D.3d at 1168. Federal courts are prohibited from granting writs of habeas corpus based on issues decided on the merits by state courts unless the state court's judgment was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The unreasonable application standard is not synonymous with an incorrect application standard. See Serrano v. Fischer, 412 F.3d 292, 297 (2d Cir. 2005). Indeed, it is not

enough that the state court incorrectly apply federal law – the state court's application must be "objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409, 120 S. Ct. 1495 (2000).

The Supreme Court authority at issue is Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under Strickland, to establish a claim of ineffective assistance of counsel, the petitioner must demonstrate: (1) that "counsel's representation fell below an objective standard of reasonableness"; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. In applying this standard, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Moreover, to prove prejudice in the context of a guilty plea, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366 (1985). Finally, on habeas review, federal courts are "doubly deferential" of state court decisions that conclude counsel provided effective assistance. Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009). Specifically, federal courts take a "highly deferential look at counsel's performance [under Strickland] through the deferential lens of 2254(d)." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (internal citations and quotations omitted).

Here, petitioner's Strickland claim fails because he has not raised a reasonable probability that he would not have pled guilty but for counsel's error.[1] There is no evidence in the record to support a finding that the result would have been different if counsel had done as petitioner now wishes. Under New York law, a hearing regarding a defendant's competency "is

---

[1] The record demonstrates that counsel raised petitioner's mental health during his bail hearing but not when he entered his guilty plea. Furthermore, there is no evidence that counsel ever investigated petitioner's psychiatric history. Although this might violate Strickland's objective standard of reasonableness prong, see Graham v. Portuondo, 732 F. Supp. 2d 99, 109 (E.D.N.Y. 2010), I do not need to examine this issue fully because petitioner clearly fails to satisfy the prejudice prong.

7

not required simply because a defendant has a history of mental illness." People v. Andrews, 78 A.D.3d 1229, 1232, 911 N.Y.S.2d 221 (3d Dep't 2010). In order to show that a hearing is required, there must be "reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his . . . own defense or of understanding the proceedings against him." Id.

The record is devoid of any indication that petitioner had a mental condition that would have rendered him incapable of assisting in his defense or understanding the proceedings. Instead, petitioner's clear answers at the plea allocution lead to the opposite conclusion. See People v. Matthews, 21 A.D.3d 499, 500, 800 N.Y.S.2d 722 (2d Dep't 2005). It is not as if petitioner reflexively answered "yes" to every question asked by the trial court. Indeed, petitioner specifically informed the trial court at one point when he did not understand what he was being told and then confirmed that he did understand upon receiving clarification from the bench. Being able to ask for clarification at the allocution suggests a level of mental competence that is higher than what petitioner would need to show to render him incompetent to stand trial. Finally, given the possibility of life in prison and petitioner's own acknowledgement of guilt, it appears that he acted quite rationally in accepting a plea of one-and-one-half to three years. Accordingly, I find that petitioner cannot show that he was prejudiced by any deficiency in counsel's representation and thus the decision of the Appellate Division was not objectively unreasonable.

## CONCLUSION

The petition is denied and the case is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
    May 6, 2011